**Jose C. GOMEZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3244.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 7, 2002.

Before CLEVENGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Jose C. Gomez seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying Mr. Gomez's application for a retirement annuity under the Civil Service Retirement System ("CSRS"). *Gomez v. Office of Pers. Mgmt.*, No. SE0831010019–I–1, 90 M.S.P.R. 26 (April 24, 2001). We *affirm.*

## I

Mr. Gomez served his entire civilian career with the Department of the Navy, Naval Supply Depot, in Subic Bay, Republic of the Philippines, from 1979 until his termination in 1992. In February of 2000, Mr. Gomez filed an application with OPM for a retirement annuity under the CSRS. In an initial decision dated July 25, 2000, OPM denied Mr. Gomez's application, stating that he "never served in a position subject to the Civil Service Retirement Act," and was therefore not entitled to a CSRS annuity. Mr. Gomez was advised of his right to seek reconsideration of the adverse initial decision.

Mr. Gomez subsequently sought reconsideration of OPM's initial decision, but OPM in its reconsideration decision again denied Mr. Gomez's application for a retirement annuity, stating that he had never served in a position covered by the CSRS. Mr. Gomez then sought review of the reconsideration decision by the Board.

The Administrative Judge to whom Mr. Gomez's case was assigned carefully reviewed the written record in the case (Mr. Gomez did not request a hearing), and concluded based on the written record that Mr. Gomez had never served in a position covered by the CSRS. The Administrative Judge correctly stated the pertinent law, namely that in order for Mr. Gomez to qualify for a retirement annuity under the CSRS, he must show that he had (a) completed five years of creditable service *and* (b) that he had served at least one of the two years of service prior to separation in a position subject to (i.e., covered by) the CSRS. *See Rosete v. Office of Pers. Mgmt.,* 48 F.3d 514, 516 (Fed.Cir.1995).

The record is clear that Mr. Gomez satisfies requirement (a), but the record before the Administrative Judge is also clear that Mr. Gomez has no evidence to show that he has ever served in a position that is subject to the CSRS. Since Mr. Gomez failed to satisfy requirement (b), as OPM had found previously, the Administrative Judge held that Mr. Gomez had not satisfied the requirements for entitlement to a retirement annuity under the CSRS.

Mr. Gomez sought review by the full Board of the Administrative Judge's adverse initial decision. The Board declined to grant review, and on April 24, 2001, the Board entered final judgment against Mr. Gomez, affirming OPM's denial on reconsideration of his application for a retirement annuity under the CSRS.

Mr. Gomez then timely petitioned this court for review of the Board's final decision. We have jurisdiction over his petition for review under 28 U.S.C. § 1295(a)(9).

## II

We may only disturb a final decision of the Board if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. When the Board's final decision rests on findings of fact, we must accept those findings of fact that are supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

The Board has correctly stated the law to be applied to the facts of this case. It is clear that Mr. Gomez satisfies the requirement that he have served five years of creditable service. It is equally clear from the record in this case that Mr. Gomez has not satisfied the requirement that one of the last two years of his service be in a position that is covered by the CSRS. The finding of fact by the Board that Mr. Gomez has never served in a position that is covered by the CSRS is supported by substantial evidence.

Because we perceive no error of law in the Board's final decision, and because on

the dispositive factual issue (whether Mr. Gomez meets the requirement of CSRS "covered" service) the Board's decision must be accepted by this court, we have no ground upon which to disturb the Board's final decision, which therefore is affirmed.